1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


CLEMENT BROWN,                    )        No. C 06-2247 JSW (PR)
                                  )
            Plaintiff,            )        **ORDER DISMISSING**
                                  )        **COMPLAINT**
      vs.                         )
                                  )
S. ORNOWSKI, Warden; BPH,         )
                                  )
            Defendants.           )
_____  )


## INTRODUCTION

        Plaintiff, a prisoner at San Quentin State Prison, has filed a civil rights action

pursuant to 42 U.S.C. § 1983 challenging the constitutionality of state parole

proceedings, in which, he contends, the Board of Parole Hearings ("BPH") has denied

him due process by arbitrarily characterizing all murders, including his, as "particularly

cruel or egregious."   Plaintiff has paid the filing fee.  Plaintiff asserts that his claim is

cognizable under 42 U.S.C. § 1983, citing *Wilkinson v. Dotson,* 544 U.S. 74 (2005).

However, Plaintiff has another case pending in this Court under Case No. C-05-3139

JSW (PR), alleging the same claim in a petition for a writ of habeas corpus.  Therefore,

the instant case is DISMISSED as duplicative of Plaintiff's earlier filed petition

currently pending before this Court.

**DISCUSSION**

I    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II    Duplicative Claims

A complaint that merely repeats pending or previously litigated claims may be dismissed under the authority of 28 U.S.C. § 1915.  *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988).  In this case, Plaintiff raises the identical claim as that alleged in his current petition for a writ of habeas corpus.  Plaintiff has also filed the identical supporting documentation, the declarations of several hundred prisoners all of whom assert that they were denied parole based on a finding that their commitment offense was "particularly or especially cruel, callous, heinous or egregious."

The Supreme Court has held that habeas corpus may not be the exclusive remedy for challenging the constitutionality of state parole procedures which do not necessarily result in an earlier release, *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005).  In *Wilkinson,*

2

the Court held that prisoners' parole claims seeking a new parole hearing need not be brought in habeas corpus because the relief sought would not necessarily "invalidate the duration of their confinement–either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 79 (finding that the exception to § 1983 coverage for claims at the core of habeas corpus relief in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) does not include procedural challenges where relief under § 1983 was left available by the Court's subsequent holding in *Wolff v. McDonald*, 418 U.S. 539, 554 (1974)).  However, while *Wilkinson* provides that a plaintiff seeking relief in the form of a new hearing in a case alleging unconstitutional parole eligibility proceedings may  do so under § 1983 (rather than by a petition for a writ of habeas corpus), it does not require that this Court allow an individual to pursue identical claims seeking the same relief in two separate cases pending before it.

In the instant case, Plaintiff requests declaratory and injunctive relief in the form of a declaration that the Board has denied him due process and that this Court "enjoin the BPH from violating due process."  This Court need not now address the question of whether injunctive relief may be available regarding future parole proceedings (*see Edwards v. Balisok,* 520 U.S. 641, 648-49 (1997), citing *O'Shea v. Littleton,* 414 U.S.488, 501-02 (1974) (noting that a "proper balance in the concurrent operation of federal and state court counsels restraint against the issuance of injunctions against state officers engaged in the administration of the state's criminal laws(.)")  However, Plaintiff is seeking the identical relief through his ongoing habeas proceedings, namely, a decision that the BPH has violated his rights and the relief available if the writ is granted, which would include a determination of parole eligibility free of constitutional error.  Because this Court already has before it a proceeding to adjudicate that same claim, the instant case is DISMISSED.

**CONCLUSION**

For the foregoing reasons and good cause shown, Plaintiff's action is DISMISSED.  The Clerk of Court shall enter judgment on this matter and close the file.

IT IS SO ORDERED.

DATED: August 28, 2006

_____
JEFFREY S. WHITE
United States District Judge

4